UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SANTANA L. DAVIDSON                    CIVIL ACTION NO. 15-cv-1445

VERSUS                                 JUDGE FOOTE

TIM MORGAN                             MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Shreveport police responded to complaints that drugs were being sold out of a Shreveport house. They arrested five people and confiscated several bags of crack cocaine. One of those arrested was Santana Davidson ("Petitioner"), and he was charged with possession of Schedule II CDS with intent to distribute. Judge John Mosley conducted a bench trial and found Petitioner guilty of the responsive charge of possession of cocaine. Petitioner was adjudicated a fourth-felony offender and received an enhanced sentence of 40 years.

Petitioner filed a direct appeal and challenged the sufficiency of the evidence, the admission of a crime lab report, and the length of his sentence. The conviction and sentence (with minor modification) were affirmed. State v. Davidson, 32 So.3d 290 (La. App. 2d Cir. 2010, writ denied, 45 So.3d 1096 (La.). Petitioner later filed a post-conviction application in state court and asserted claims of ineffective assistance of counsel. The application was denied at all levels of the state courts. He then filed his federal habeas corpus petition and asserted claims the same as or similar to those he presented on appeal

and post-conviction review.  The State argues that the petition is untimely and lacks merit. For the reasons that follow, it is recommended that the petition be denied as untimely.

**Analysis**

A one-year period of limitations applies to petitions for habeas corpus.  It runs from the latest of several start dates, including the one applicable here—the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The first task, then, is to determine the date on which Petitioner's conviction became final after direct review.

Petitioner challenged his conviction on direct appeal to the intermediate appellate court and then filed an application for a discretionary writ to the Supreme Court of Louisiana, which denied the application on October 1, 2010.  Tr. 418.  Petitioner did not file a petition for certiorari to the United States Supreme Court.  In these circumstances, Petitioner's conviction is deemed final and commences the running of the federal limitations period when the 90-day period for filing a petition for certiorari to the Supreme Court expires.  Matthis v. Cain, 627 F.3d 1001, 1003 (5th Cir. 2010), citing Jimenez v. Quarterman, 129 S.Ct. 681, 685 (2009).  Thus, Petitioner's conviction became final for federal habeas purposes 90 days after the Supreme Court of Louisiana denied writs on October 1, 2010.  That date was Thursday, December 30, 2010.

The time during which a properly filed application for post-conviction review is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). Accordingly, the federal limitations clock began to tick on December 30, 2010 and ran

until Petitioner (1) filed a federal habeas petition or (2) filed in the state court an application for post-conviction relief.    Petitioner retained attorney Alex Washington to file a post-conviction application, and Washington filed it in state court on January 31, 2012.  Tr. 419. A total of 397 days—more than one year—passed between the finality of the conviction and the filing of the post-conviction application. The filing of the application was timely under Louisiana's two-year limitations period for state post-conviction applications, La. C. Cr. P. art. 930.8, but the one year allowed to file a federal petition had already expired. Petitioner did not file his federal petition until April 2015, more than three years after the limitations period expired.

The filing of the post-conviction application did not restart the one-year period.  All time that passed between finality of the conviction and the filing of the post-conviction application counted against the one-year period.  Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).  Thus, the one-year period for seeking federal habeas review expired before Petitioner filed the post-conviction application, and the post-conviction application was of no effect on timeliness of the federal petition.  Tsolianos v. Cain, 540 Fed. Appx. 394 (5th Cir. 2013).[1]

---

[1] The Louisiana petitioner in Tsolianos did the same thing as this petitioner.  He filed a timely state application (within two years) but more than one year from finality of his conviction.  His federal petition was untimely. The Court explained in footnote 3: "AEDPA provides that the 'time during which a properly filed application for State post-conviction ... review ... is pending shall not be counted' against that one-year period. 28 U.S.C. § 2244(d)(2). Louisiana law, in contrast, provides an incarcerated person two years within which to file a petition for post-conviction relief. See LA.CODE CRIM. PROC. ART. 930.8(A) (West 2012). If a petitioner files a petition for post-conviction relief in state court before the expiration of the one-year limitations period, the federal clock stops running until the state post-conviction action is concluded. But the one-year clock does not reset; rather, it resumes from where it left off. See § 2244(d)(2). Because

**Petitioner's Arguments**

### A. Motion for Rehearing

The court pointed out the potential timeliness defense during the initial screening process. Petitioner filed a response (Doc. 10) that addressed the issue. His first argument is that his conviction is not yet final, and the limitations period has not even begun to run, because he filed a motion for rehearing with the Supreme Court of Louisiana that has not yet been ruled upon.

The Fifth Circuit has held that when the Supreme Court of Louisiana denies a writ application on direct appeal, a timely motion for rehearing (due within 14 days after the writ denial) must be considered in determining the finality of the conviction. Wilson v. Cain, 564 F.3d 702 (5th Cir. 2009). In Wilson, there was no apparent dispute that a motion for rehearing was filed, and the motion contained a certificate of service by the petitioner that noted the day he deposited it in the prison mail system and, thus, filed it on time pursuant to the prisoner mailbox rule. Causey v. Cain, 450 F.3d 601 (5th Cir. 2006) (mailbox rule applies to Louisiana prisoner writ applications when calculating federal habeas timeliness).

The record in this case lacks such evidence. The Supreme Court of Louisiana denied the writ application on October 1, 2010. There is no evidence in the record submitted to this court that the Supreme Court ever received a motion for rehearing from Petitioner. A member of the federal court staff called the clerk of court in April 2018 and was told that

---

Tsolainos's state habeas petition was not filed within the one-year period, it did not statutorily toll the limitation clock."

no motion for rehearing was filed; the last action in the record was the Supreme Court's October 1, 2010 writ denial.

The *only* evidence of a motion for rehearing is a one-page exhibit attached to Petitioner's memorandum (Doc. 10) that he filed after the court pointed out that he faced a timeliness issue.  The exhibit is titled "Request for Reconsideration" and asks the Supreme Court of Louisiana to reconsider its October 1, 2010 decision to deny writs because, it argues, Petitioner is actually innocent and police conducted an unlawful entry into the home.

Petitioner's document does not include a certificate of service, is dated simply "October 2010," and there is no evidence of when it was allegedly tendered to prison officials for mailing.  Petitioner's memorandum represents: "On the ___ day of October, 2010, petitioner gave to prison officials a Request for Reconsideration for placement in the U.S. Mail. As of this date I have yet to receive any ruling." In similar situations, prisoners have been able to gather evidence of mailing in the form of postage request forms or other documentation, but there is nothing in this case to suggest that Petitioner actually filed/tendered the request for reconsideration.

The undersigned finds that the request for reconsideration was created by Petitioner after the court pointed out that he faced timeliness issues.  The request is not found anywhere in the official record, it is not even dated to suggest it would have been timely filed, and there is no evidence in the form of a postage request, certificate of service, or otherwise to indicate that the request for reconsideration is legitimate.  The court finds that it is not, and it is recommended that the State's timeliness defense be sustained.

### B.  Equitable Tolling

Petitioner also represents in his response (Doc. 10) that "[o]n the ____ day of November, 2010, I hired counsel Alex Washington to prepare my 1st Application for Post Conviction Relief in state courts which was filed January 31, 2012" while the alleged motion for reconsideration was still pending in the Louisiana Supreme Court.  Petitioner contends that attorney Washington told him that the filing of the post-conviction application suspended the one-year prescriptive period of 28 U.S.C. § 2244(d)(2).

Petitioner also points to a letter that Washington wrote Petitioner in November 2013 after the intermediate state court denied a writ application on the post-conviction application.  Washington advised, "At this time, you must now seek Federal relief. However, my office does not handle the Federal relief."  Washington's advice overlooked or omitted that Petitioner would first have to exhaust the any post-conviction claims by presenting a writ application to the Supreme Court of Louisiana before he could seek federal relief with respect to those claims.  O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999).

Petitioner's arguments about Washington's role in the case do not invoke the doctrine of equitable tolling by name, but that is the only basis on which he could employ those facts to seek an excuse for his untimeliness.  The one-year limitation of Section 2244(d) "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).   The petitioner who seeks equitable tolling bears the burden of proof on the issue.  Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013).  He must shows (1) that

he has been pursuing his rights with "reasonable diligence" and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Holland, 130 S.Ct. at 2562.

The "extraordinary circumstance" must be factors outside the petitioner's control; delays of his own making do not qualify.  In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

"For attorney error to justify equitable tolling, the professional mistake must 'amount to egregious behavior' and 'create an extraordinary circumstance.'"  Brown v. Thaler, 455 Fed. Appx. 401, 406, quoting Holland v. Florida, 130 S.Ct. 2549, 2563 (2010). A garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.  Id.  The Supreme Court rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

Petitioner states that he retained attorney Washington to file a post-conviction application in state court.  There is a two-year period of limitations to file such applications, and Washington acted within that time.  There is no evidence or even representation by Petitioner that he hired Washington to also pursue federal habeas relief—which the majority of prisoners do not pursue—and Washington's letter indicates that was not the

agreement. Washington timely filed the state application, apparently unaware that waiting more than one year to do so would result in a later-filed federal habeas petition being untimely.  His actions do not present extraordinary circumstances, especially under the facts described.   Washington's action was not extraordinary or even unusual.  The court has seen, and dismissed as untimely, a number of similar cases.[2]   See, e.g., Maffett v. Sumlin, 2017 WL 8493677 (W.D. La. 2017); Easom v. Cain, 2017 WL 7726740 (W.D. La. 2017).  A plea for equitable tolling, based on similar facts, was rejected in Williams v. Morgan, 2016 WL 1594454 (W.D. La. 2016), and the Fifth Circuit denied a COA. Williams v. Deville, 2017 WL 3296276 (5th Cir. 2017).[3]

As for Washington's advice about seeking federal relief after the intermediate court's ruling, the deadline for seeking federal relief had already expired.  There was nothing about that advice or anything else in the November 2013 letter that presented extraordinary circumstances that prevented Petitioner from filing on time.  The deadline had passed almost two years earlier.

---

[2]  In Tsolianos, a team of lawyers from Phelps Dunbar made a similar mis-step because they believed that the one-year federal period would not commence until the conclusion of state post-conviction review.   The Fifth Circuit did not decide whether that was an extraordinary circumstance that prevented filing the federal petition, and chose instead to reject equitable tolling for lack of reasonable diligence by the prisoner. Tsolianos, 540 Fed. Appx. at 398 n.7.
[3] Judge Higginson wrote: "Williams contends that he is entitled to equitable tolling of the one-year 28 U.S.C. § 2244(d) limitation period for seeking federal habeas relief because his state postconviction counsel failed to toll the running of the habeas filing deadline by filing a timely state collateral-review application and fraudulently represented that the timely filing of a postconviction application under state law would toll the running of the § 2244(d) limitation period. … Williams fails to make the requisite showing."

**Conclusion**

The undersigned was of the opinion on initial review that this habeas petition was probably untimely.  The court allowed Petitioner to brief the timeliness issue, ordered the State to file a response to the petition, and obtained from the State a complete record.  After a review of the relevant record and the submissions of the parties, the undersigned is now convinced that the petition is untimely and should be denied as such.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied as untimely.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of April, 2018.

Mark L. Hornsby
U.S. Magistrate Judge